953 F.2d 641
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Erastus STUTTS, Defendant-Appellant.
 No. 91-5809.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1991.
Decided Jan. 30, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CR-90-263-G, CR-90-264-G, CR-90-265-G)
 Argued: Susan Hayes, Barry Stephen Stanback, Stanback & Stanback Attorneys, P.A., Greensboro, N.C., for appellant; Michael Francis Joseph, Assistant United States Attorney, Greensboro, N.C., for appellee.
 On Brief: Robert H. Edmunds, Jr., United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before SPROUSE and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 When sentencing Henry Erastus Stutts for bank robbery, attempted bank robbery, and carrying a firearm during the commission of a crime of violence, the district court refused to consider a courtordered psychiatric report as evidence warranting a downward departure from the applicable sentencing guideline range. Stutts appeals the district court's denial of a downward departure. We affirm the district court ruling.
 
 
 2
 * In October and November of 1990, Stutts and an accomplice robbed two banks and attempted to rob a third. Each time Stutts carried a gun. A grand jury indicted Stutts and his accomplice on November 26, 1991, of two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a), one count of attempted bank robbery in violation of 18 U.S.C. § 2113(a), and three counts of carrying and using a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). Stutts pled guilty to each of these counts.
 
 
 3
 At the sentencing hearing counsel for Stutts argued that the district court should depart downward from the applicable sentencing guideline range for the bank robbery charges because of evidence that Stutts had diminished capacity at the time he committed the crimes. In particular, the defense proffered a court-ordered psychiatric report indicating that Stutts's financial condition and stresses contributed to his decision to commit the offenses and that he was more impulsive as a result of his depression.
 
 
 4
 The district court noted that United States Sentencing Guideline § 5K2.13 only authorizes a downward departure resulting from diminished capacity where the underlying offense is non-violent. Stutts's counsel argued that the guidelines could not be equitably enforced if they made a distinction between violent and non-violent crimes.
 
 
 5
 The court responded that it did not believe it had authority to reduce the mandatory minimum sentence. To clarify the record the trial judge stated that he was "holding as a matter of law that ... 5K2.13 is not applicable in this case in that this is a violent offense; to wit, bank robbery with a gun."
 
 
 6
 The district court sentenced Stutts to 15 years for the gun counts and 70 months for the bank robbery offenses, for a total of 250 months. In addition, the court sentenced Stutts to five years of supervised release for each of the counts, these sentences to run concurrently with one another, and imposed a special assessment.
 
 
 7
 Stutts appeals the sentence, arguing that the district court should have considered the psychiatric evaluation at the sentencing hearing.
 
 II
 A defendant may appeal a sentence if it
 
 8
 (1) was imposed in violation of law;
 
 
 9
 (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
 
 
 10
 (3) is greater than the sentence specified in the applicable guideline range ...; or
 
 
 11
 (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
 
 
 12
 18 U.S.C. § 3742(a).
 
 
 13
 In United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.1990), we recognized the general rule that a defendant cannot appeal a refusal to depart downward but noted the narrow exception that a refusal can be appealed where the district court thought it lacked authority to depart. Since the record clearly indicates the district court refused to depart because it thought it lacked the authority to do so, and not because it simply refrained from exercising its discretion, we can review the district court ruling. See United States v. Poff, 926 F.2d 588, 590-91 (7th Cir.1991) (en banc).
 
 III
 
 14
 Because the district court's authority to depart under § 5K2.13 is a legal determination, our standard of review is de novo. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989).
 
 
 15
 U.S.S.G. § 5H1.3 states that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range, except as provided in Chapter Five, Part K, Subpart 2 (Other Grounds for Departure)." Section 5K2.13, which is part of Subpart 2, states:
 
 
 16
 If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.
 
 
 17
 The plain language of the sentencing guidelines therefore indicates that diminished capacity is relevant only in the case of non-violent offenses not involving the voluntary intake of intoxicants. If the Sentencing Commission had wanted diminished capacity to be a consideration for violent offenses, it would not have inserted the word "nonviolent" in § 5K2.13. The Sentencing Commission "categorically limited authority to depart on the basis of mental incapacity to cases in which the defendant has committed only non-violent offenses; the need for incapacitation can be considered only within that limited set." Poff, 926 F.2d at 593. Bank robbery is a violent crime. United States v. Russell, 917 F.2d 512, 517 (11th Cir.1990); United States v. Maddalena, 893 F.2d 815, 819 (6th Cir.1989). The district court therefore did not have authority under § 5K2.13 to depart downward based on Stutts's mental condition.
 
 
 18
 Stutts contends that the court should have departed downward under 18 U.S.C. § 3553(b), which states that a court may depart if it finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." He argues that the Sentencing Commission did not adequately consider mental illness so severe and so contributory to the crime, coupled with a lack of similar criminal episodes, in formulating the guidelines. The district court did not explicitly address this issue but implicitly did so in rejecting Stutts's contention that it should depart despite the fact it did not have authority to do so under § 5K2.13. We review de novo whether the Sentencing Commission adequately considered a factor. United States v. Hummer, 916 F.2d 186, 192 (4th Cir.1990).
 
 
 19
 In Russell, 917 F.2d at 517, the court found that §§ 5H1.3 and 5K2.13 together indicate that the Sentencing Commission adequately considered diminished capacity as a mitigating factor and "decided that ordinarily mental and emotional conditions are irrelevant to mitigate defendants' culpability, but that in extraordinary instances the conditions may be relevant--but then only if the defendant committed a nonviolent crime." See also United States v. Fairman, 947 F.2d 1479, 1482 (11th Cir.1991). We agree with this analysis. The Sentencing Commission considered the relevancy of mental and emotional conditions in § 5H1.3 and found them only relevant as specified in § 5K2.13. The language of § 5K2.13 is not limited to mild mental incapacity. Furthermore, as we noted in United States v. Glick, 946 F.2d 335, 338 (4th Cir.1991), the guidelines incorporate a defendant's first offender status. We see no reason why first offender status should have the additional effect of shortening a sentence for a violent crime where the defendant has diminished capacity.
 
 
 20
 Stutts also notes that § 5K2.0 authorizes the court to "depart from the guidelines, even though the reason for departure is taken into consideration in the guidelines ..., if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate." For example, "[w]here ... the applicable offense guideline and adjustments do take into consideration a factor listed in this subpart, departure from the applicable guideline range is warranted only if the factor is present to a degree substantially in excess of that which ordinarily is involved in the offense."
 
 
 21
 The district court did not consider whether diminished capacity was present to a degree greater than that ordinarily involved in a bank robbery charge. We see no evidence that the facts lend themselves to this conclusion. Stutts's depression, financial problems, and addiction to minor tranquilizers may have led him to behave unusually for him, but these conditions do not appear to be "substantially in excess of that which ordinarily is involved in the offense."
 
 IV
 
 22
 Because the district court did not have the authority to depart from the sentencing guideline range on the basis of the psychiatric evaluation, we affirm the sentence imposed by it.
 
 
 23
 AFFIRMED.