8 F.3d 821
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Patrick Ray MCCALL, Jr., a/k/a Peppy Patrick Ray McCall,
Jr., a/k/a Peppy McCall, a/k/a Sayyid, Defendant-Appellant.
 No. 92-5642.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 28, 1993.
Decided: October 19, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-91-209-G)
 Romallus O. Murphy, Greensboro, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Patrick Ray McCall pled guilty to conspiring to possess with intent to distribute and to distribute crack cocaine, in violation of 21 U.S.C.A. § 846 (West 1981 & Supp. 1993). On appeal, McCall's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), noting two issues but stating that, in his view, there are no meritorious issues for appeal. McCall has filed a supplemental pro se brief raising several claims. After a thorough review of the parties' briefs and the record, we affirm.
 
 
 2
 McCall's unchallenged presentence report gave him a total offense level of thirty-six and a criminal history category of I, thereby placing the applicable sentencing range at 188 to 235 months. However, upon the Government's motion for a downward departure for substantial assistance, see United States Sentencing Commission, Guidelines Manual, § 5K1.1 (Nov. 1991), the district court sentenced McCall to sixty months imprisonment. McCall's counsel questions whether the extent of that departure adequately reflected the degree of McCall's substantial assistance. Because the sufficiency of a downward departure is not reviewable on appeal, see, e.g., United States v. Bromberg, 933 F.2d 895, 896 (10th Cir. 1991); United States v. Parker, 902 F.2d 221, 222 (3d Cir. 1990); United States v. Wright, 895 F.2d 718, 71922 (11th Cir. 1990), we shall refrain from considering this argument.
 
 
 3
 McCall's counsel also contends that the district court failed to establish both a sufficient factual basis for the plea and McCall's understanding of the offense to which he was pleading guilty. In finding the requisite factual basis, the district court properly relied, without objection by McCall or his counsel, upon McCall's extensive testimony about the conspiracy's activities at the trial and sentencing hearing of co-conspirators James Sidberry, Roosevelt Broadus, and Robert Andrew Gaines. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991) (court may find factual basis for plea "from anything that appears on the record"), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992). This testimony detailed McCall's willful joinder of a preexisting agreement between numerous persons to distribute crack cocaine and, thereby, established a sufficient factual basis for his plea. See United States v. Clark, 928 F.2d 639, 641-42 (4th Cir. 1991) (elements of a conspiracy charge). McCall's conclusory allegations of misunderstanding cannot rebut his affirmative statements of understanding in his written plea agreement and at his Rule 11 hearing.[1] Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Via v. Superintendent, Powhatan Correctional Ctr., 643 F.2d 167, 171 (4th Cir. 1981). We find the district court fully complied with its Rule 11 obligations and did not impinge upon McCall's substantial rights. DeFusco, 949 F.2d at 116-17.
 
 
 4
 We decline to address McCall's pro se allegation of ineffective assistance of counsel, because this is not a case in which ineffectiveness is apparent from the record. DeFusco, 949 F.2d at 120. The issue of ineffective assistance is best reserved for a motion under 28 U.S.C. § 2255 (1988).
 
 
 5
 Appellate review of McCall's pro se objection to the amount of cocaine assigned to him by his presentence report was forfeited by his failure to raise that issue, see United States v. Saucedo, 950 F.2d 1508, 1518 (10th Cir. 1991), or to present affirmative evidence demonstrating that alleged inaccuracy at sentencing, see United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). We also reject McCall's contention that the district court erred in failing to consider McCall's mental problems, standing in the community, and status as a first-time offender as mitigating factors supporting a further reduction in sentence. McCall both waived appellate review by not raising this issue below, United States v. Davis, 954 F.2d 182, 186-87 (4th Cir. 1992), and failed to satisfy his burden of proof by failing to proffer evidence of these mitigating circumstances.[2] United States v. Gordon, 895 F.2d 932, 935 (4th Cir.), cert. denied, 498 U.S. 846 (1990).
 
 
 6
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal.
 
 
 7
 We, therefore, affirm the district court. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, see 18 U.S.C.A.s 3006A (West Supp. 1993), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 For this same reason, based on McCall's statements at the Rule 11 hearing that his plea was not prompted by threats or promises of lenient treatment, we find no merit in McCall's claim that his guilty plea was rendered involuntary by defense counsel's coercive threats. See DeFusco, 949 F.2d at 119 (defendant's statement at Rule 11 hearing that he was neither coerced nor threatened constitutes"strong evidence of the voluntariness of his plea")
 
 
 [2]
 We also note that downward departures may not ordinarily be predicated on the strength of a defendant's community ties, United States v. McHan, 920 F.2d 244, 247-48 (4th Cir. 1990), or a defendant's status as a first-time offender, United States v. Glick, 946 F.2d 335, 338 (4th Cir. 1991); United States v. Sheffer, 896 F.2d 842, 846 (4th Cir.), cert. denied, 498 U.S. 968 (1990). Moreover, the record does not support a finding that McCall's mental condition was so extraordinary as to be beyond that already contemplated by the Sentencing Commission in U.S.S.G. §§ 5H1.3, 5K2.13. See United States v. Russell, 917 F.2d 512, 517 (11th Cir.), cert. denied, 59 U.S.L.W. 3673 (U.S. 1991)