32 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Walter STEADMAN, Defendant-Appellant.
 No. 94-5092.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 23, 1994.
Decided July 21, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, District Judge. (CR-93-122)
 George V. Laughrun, II, Goodman, Carr, Nixon, Laughrun & Levine, P.A., Charlotte, NC, for appellant.
 Mark T. Calloway, U.S. Atty., Robert J. Conrad, Jr., Asst. U.S. Atty., Charlotte, NC, for appellee.
 W.D.N.C.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 John Walter Steadman pled guilty to one count of bank extortion, 18 U.S.C.A. Sec. 2113(a) (West Supp.1994), and was sentenced to a term of thirty-seven months, the bottom of the guideline range. He contends on appeal that the district court erroneously believed it lacked the authority to depart for aberrant behavior under guideline 5K2.13, p.s. (Diminished Capacity),[1] and that the court erred in failing to depart under guideline section 5K2.0, p.s., on other grounds urged by Steadman. We affirm in part and dismiss in part.
 
 
 2
 Steadman attempted to extort $4 million from NationsBank through a series of letters containing threats to blow up the bank and directions on how to deliver the money to a drop spot. His vehicle was repeatedly observed surveilling federal agents who were following his directions. This led to a search of his house and the discovery of the original extortion letters and directions. A psychological examination conducted at the request of defense counsel after Steadman's guilty plea revealed no mental disease or defect at the time of the offense.
 
 
 3
 Steadman requested a downward departure on the ground of aberrant behavior, and because of his prior excellent character, the extreme financial pressure he was experiencing at the time of the offense, his military service, and the absence of actual loss or harm to anyone.
 
 
 4
 The record of the sentencing hearing leaves no doubt that the district court understood its authority to depart for aberrant behavior[2] or other mitigating circumstances not adequately taken into consideration in formulating the guidelines. However, Steadman's conduct could not be described as a single act of aberrant behavior because it involved extensive planning and repeated actions on his part, and it continued over fifteen days. On similar facts, this Court found, in United States v. Glick, 946 F.2d 335, 338 (4th Cir.1991), that a departure for aberrant behavior was not warranted.
 
 
 5
 The court found that the other mitigating circumstances Steadman suggested as a departure were not circumstances which were inadequately considered in the guidelines and that it could not make a principled departure on any of those grounds. Because all of the factors identified by Steadman as grounds for a departure are either taken into account in the guideline determination or specifically excluded from consideration, the district court did not err in finding that it had no legal basis for a departure.
 
 
 6
 Steadman also argues that the district court should have departed on one or all of the grounds he put forward. As he recognizes, an appeal of the district court's decision not to depart is foreclosed by our decision in United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 7
 We therefore affirm the sentence imposed by the district court. We dismiss that portion of the appeal which contests the district court's decision not to depart below the guideline range. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [2]
 A departure for aberrant behavior would fall under U.S.S.G. Sec. 5K2.0 rather than U.S.S.G. Sec. 5K2.13. See U.S.S.G., Ch. 1, Pt. A(d), p.s. There was no evidence of diminished capacity