**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4884

OMAR A. MUDIE,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                                    No. 96-4910

OMAR A. MUDIE,
Defendant-Appellee.

Appeals from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-94-77)

Submitted: September 9, 1997

Decided: October 14, 1997

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Jayne C. Weintraub, Benedict P. Kuehne, SALE & KUEHNE, P.A., Miami, Florida, for Appellant. Helen F. Fahey, United States Attorney, Robert E. Bradenham II, Assistant United States Attorney, William G. Otis, Senior Litigation Counsel, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Omar A. Mudie appeals from guilty verdicts for two counts of distribution of cocaine base (counts one and two) and possession of cocaine with intent to distribute (count three) and possession of cocaine base with intent to distribute (count four). The first trial ended in a hung jury. Mudie's second jury trial ended in his conviction on all counts. After the verdict, the district court granted Mudie's motion for a new trial on the ground that the prosecutor had made an improper reference to a loaded handgun which the district court had suppressed. The Government appealed. This court reversed the grant of Mudie's motion for a new trial, holding that the gun should not have been suppressed and any reference to it would therefore be a harmless error. This court reinstated the conviction. The district court shortly thereafter sentenced Mudie to a ten-year term of imprisonment. The sentence represented a downward departure of approximately ten years from the sentencing range of 235 to 293 months. Mudie timely appealed the convictions and the Government timely noted its appeal of the sentence. Finding no error in the convictions on any count, we affirm the convictions. Because the district court did not rely upon permissible factors when departing downward, we vacate the sentence and remand only for resentencing without the downward departure.

2

The evidence submitted to the jury was summarized in Judge Ervin's opinion in United States v. Mudie, No. 95-5596 (4th Cir. Sept. 5, 1996) (unpublished). We find it unnecessary to repeat the identical information here and make specific reference to that opinion for a summary of the facts presented at trial. We further elaborate on the evidence presented at trial. First, the charges represent two separate time frames. The first time frame regards counts one and two. George McNeil testified that Mudie sold him cocaine in November and December 1992. Investigation of the case began, however, in November 1994, when the discoveries in the Newport News apartment were made. Law enforcement agents contacted George McNeil while he was in federal prison and sought information about Mudie's drug history and McNeil's cooperation.

Mudie challenges the sufficiency of the evidence supporting his convictions on all counts. Mudie argues that the evidence of his transaction with McNeil is speculative and unreliable. He argues that the evidence regarding the discoveries and subsequent investigation of the apartment did not show more than Mudie's mere presence in a place where contraband is located and was not enough to demonstrate that he knowingly possessed the cocaine and paraphernalia inside the apartment.

On direct review of this issue, we honor the rule that a jury verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." See United States v. Burghs, 94 F.3d 849, 862 (4th Cir. 1996) (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)), cert. denied, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). After reviewing the evidence presented by the Government and Mudie at trial, we conclude that the jury had sufficient evidence to support the convictions.

Mudie next argues that the district court improperly denied his motion to sever the offenses, that the 1992 and 1994 drug charges were improperly joined, and the joinder was incurably prejudicial. Mudie alleges that the time frames were so dissimilar that he should have been given the opportunity to contest the charges in separate trials. He alleges that the Government was able to bootstrap an otherwise insufficient case by connecting the two unrelated criminal counts.

3

While Fed. R. Crim. P. 14 allows for severance if a defendant will suffer undue prejudice from joinder, the decision to sever is within the discretion of the trial judge and will not be reversed absent an abuse of discretion. See United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir. 1992). Refusal to sever constitutes an abuse of discretion only when the denial of severance deprives the defendant of a fair trial and results in a miscarriage of justice. See United States v. Chorman, 910 F.2d 102, 114 (4th Cir. 1990). The burden is upon Mudie to make a particularized showing of prejudice from the denial of severance. See United States v. Clark, 928 F.2d 639, 645 (4th Cir. 1991).

Mudie's argument is that the denial of severance was prejudicial because the 1992 offenses were used to bolster the claim that he committed the 1994 offenses, or vice versa. We find that Mudie's showing of prejudice is not particularized to a sufficient degree. His claim of prejudice is speculative at best. We find that the district court cannot be said to have abused its discretion in denying the severance motion, especially when no specific allegation of prejudice was made and none is apparent from the transcript of the proceedings.

Mudie assigns as error two issues regarding the testimony of George McNeil. First he alleges that the district court severely restricted the allowable cross-examination of McNeil. Mudie alleges that the district court precluded him from questioning McNeil regarding the extent of the Government's promises to him and his expectations of benefits for his cooperation in the Mudie prosecution, including whether he expected to receive a second Fed. R. Crim. P. 35 reduction. Specifically, Mudie alleges that the court refused to allow reasonable inquiry as to McNeil's involvement in violent crimes for which he was not prosecuted. The district court's restriction of the extent of cross-examination is reviewed for an abuse of discretion. See United States v. Lancaster, 96 F.3d 734, 744-45 (4th Cir. 1996), cert. denied, 65 U.S.L.W. 3569 (U.S. Feb. 18, 1997) (No. 96-6450).

The record reveals that the district court provided the defense a full opportunity to cross-examine and impeach George McNeil. McNeil's convictions, criminal activities, government cooperation, and sentence reduction were explored by the defense in an exhaustive manner. The district court did not allow Mudie to question McNeil

4

regarding his expectations for a second Fed. R. Crim. P. 35 motion to reduce his sentence after cooperating at the trial. The district court did not allow it because the Government was not planning to bring such a motion, and the court was concerned that the jury would be left with the impression that if McNeil expected the motion for a second reduction, that the Government must intend to make one. We find that the district court did not put any unreasonable limitations upon Mudie's cross-examination of McNeil and did not abuse its discretion. See Lancaster, 96 F.3d at 744-45.

Mudie's second claim regarding the testimony of McNeil is that the district court improperly denied him access to McNeil's presentence report and a portion of his testimony before a grand jury on an unrelated matter. The Government provided to Mudie any materials relevant under the Jencks Act, 18 U.S.C. § 3500 (1994),[1] and Giglio v. United States, 405 U.S. 150 (1972).[2] The Government also submitted a September 13, 1994, grand jury transcript to the district court involving McNeil and an ongoing unrelated investigation for an in camera inspection as provided under 18 U.S.C. § 3500(c). The Government submitted the transcript to the court in camera to avoid compromising the ongoing investigation and the safety of the witnesses involved. After examining the transcript, the court ordered the Government to provide portions of the transcript to defense counsel and a summary of McNeil's criminal activities and grand jury testimony from the ongoing investigation.

At the conclusion of the first trial, the defense filed a motion for disclosure of McNeil's presentence report. At the Government's request, the Court examined McNeil's presentence report in camera to determine its relevancy. The court denied Mudie's request and found that nothing in McNeil's presentence report related to Mudie and that the report did not disclose any significant further information

_____

[1] The Jencks Act requires the government to disclose, after direct examination of a prosecution witness, any statement of the witness, in the possession of the United States, which relates to the subject matter of the testimony.

[2] The Giglio Court held that when reliability of a witness may be determinative of guilt or innocence, nondisclosure of evidence that affects credibility is a denial of due process.

5

concerning McNeil's criminal conviction which would aid Mudie in his cross-examination.

The refusal to order the Government to provide all requested pre-trial discovery is reviewed for abuse of discretion. See United States v. Fowler, 932 F.2d 306, 311 (4th Cir. 1991). This court has recently held that the district court's decision, after in camera review, that information contained in a presentence report need not be disclosed, is reviewed for clear error. See United States v. Trevino, 89 F.3d 187, 193 (4th Cir. 1996). It appears from the record that Mudie was given every opportunity to thoroughly cross-examine McNeil and that the district court ensured that all relevant information relating to McNeil's cross-examination and role in Mudie's investigation was disclosed to Mudie. We therefore find that the district court did not err in declining to release McNeil's presentence report and all of his grand jury testimony in the ongoing investigation.

Finally, the United States appeals the district court's downward sentencing departure. The presentence report calculated that Mudie had an adjusted offense level of thirty-eight and a criminal history category of I resulting in a sentencing range of 235 to 293 months. The district court adopted the report's range but noted that Mudie sought a departure based upon a combination of circumstances. The court noted that it had to formulate an appropriate sentence and had to impose a sentence that is not "overly harsh" under the circumstances. The Court stated that the applicable offense level for crack cocaine calculated in accordance with the Guidelines "is entirely too high. The court believes that it is not necessary to have an offense level of 38 to address the seriousness of the offense involved here." (JA 415). The court decided to depart through offense levels thirty-seven through thirty-two and arrived at offense level thirty-one to impose an "appropriate" sentence.

In addition to the excessive harshness of the offense level, the court also stated three other grounds for departure: that Mudie had no significant criminal record, had made efforts to rehabilitate himself by taking Bible study classes in jail, and had refrained from using violence in committing the crimes. The court imposed a sentence of 120 months on each count, all to run concurrently to each other, and a period of five years of supervised release.

6

Departures are reviewed for an abuse of discretion. See Koon v. United States, ___ U.S. ___, 64 U.S.L.W. 4512, 4517 (U.S. June 13, 1996) (Nos. 94-1664, 94-8842). Whether a factor is a permissible basis for departure under any circumstances is a question of law and we do not need to defer to the district court on this point because an error of law is an abuse of discretion. Id.

The commentary to the Guidelines provides that "dissatisfaction with the available sentencing range or a preference for a different sentence . . . is not an appropriate basis" to depart. U.S. Sentencing Guidelines Manual § 5K2.0, comment. (1995). A sentencing court may not depart from an otherwise applicable guideline range simply because its own sense of justice calls for it. An aggravating or mitigating circumstance, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines, must be present. See United States v. Barber, 119 F.3d 276, 279-80 (4th Cir. 1997). Thus, the court erred when it departed seven offense levels in an effort to impose a more "appropriate" sentence.

A departure based upon an invalid ground is an incorrect application of the guidelines and requires resentencing unless the district court also relied upon a valid factor and we conclude that the same sentence would have been imposed without the use of the invalid factor and the departure is reasonable. See Williams v. United States, 503 U.S. 193, 203 (1992); United States v. Glick, 946 F.2d 335, 339-40 (4th Cir. 1991). We will therefore examine the remaining three reasons the district court articulated for departing.

First, a defendant's lack of a criminal record is already taken into account in the criminal history category and is not a ground for departure. See United States v. Bolden, 889 F.2d 1336, 1339-40 (4th Cir. 1989).

The district court found that Mudie had "made certain efforts to rehabilitate himself during the time that he has been incarcerated. He's become involved in Bible studies." The court did not elaborate further on Mudie's efforts at rehabilitation. Post-offense rehabilitation may serve as a proper basis for departure. See Koon, 64 U.S.L.W. at 4516. The acceptance of responsibility guideline also takes such efforts into consideration. See U.S. Sentencing Guidelines Manual

7

§ 3E1.1, comment. (n.1(g)) (1995). Post-offense rehabilitation provides an appropriate ground for departure only when the efforts are "present to such an exceptional degree that the situation cannot be considered typical of those circumstances in which an acceptance of responsibility adjustment is granted." United States v. Brock, 108 F.3d 31, 35 (4th Cir. 1997). We find that Mudie's participation in Bible study classes is an insufficient basis to depart. See id.

Finally, the district court noted that violence was not utilized by Mudie during his apprehension or during the distribution of drugs. It is not the absence of violence that merits a downward departure, but rather the presence of violence that is accounted for as a specific offense characteristic that results in an upward departure. See U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(1), 5K2.2 (1995). It was therefore error to grant a departure on this basis.

We find that the district court committed error when departing downward when imposing Mudie's sentence. We vacate the sentence and remand for resentencing solely to eliminate the downward departure and to impose a sentence within the original guideline range. We affirm the convictions.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED
AND REMANDED IN PART

8