**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                      No. 97-4673

GEORGE EDWARD JONES,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-95-179)

Submitted: February 17, 1998

Decided: March 6, 1998

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brenda Craig Ellis, Charleston, West Virginia, for Appellant. Rebecca
A. Betts, United States Attorney, Susan M. Arnold, Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

George Edward Jones pled guilty to mail fraud, 18 U.S.C. § 1341 (1994), and false representation of a Social Security number, 42 U.S.C. § 408(a)(7)(B) (1994), and was sentenced to a term of 51 months imprisonment. Jones appeals his sentence, alleging that the district court abused its discretion in departing upward from criminal history category IV to category VI pursuant to USSG§ 4A1.3, p.s.,* without considering category V and explaining why it was inadequate. We affirm.

Between 1988 and 1994, Jones submitted fifty-six false insurance claims to twenty-two insurance companies based on accidents he either caused or staged. The identified losses totaled $230,834. Jones' nine criminal history points placed him in criminal history category IV. With an offense level of 15, his guideline range was 30-37 months. Jones' criminal history included a 1983 mail fraud conviction for false auto insurance claims totaling about $40,000 over a five-year period. In 1989, he entered into a pre-trial diversionary agreement for another 1983 mail fraud. The agreement subjected him to a twelve-month period of supervision for which no criminal history points were awarded.

At Jones' first sentencing, the district court departed upward to category VI and imposed a sentence of 51 months. On appeal, the case was remanded for resentencing because the district court failed to give notice of a possible departure. See United States v. Jones, No. 96-4404 (4th Cir. May 22, 1997) (unpublished). At the resentencing hearing, after giving Jones the required notice, the district court again departed to category VI and imposed the same sentence. As a basis for the departure, the court explained that nine criminal history points seriously under-represented Jones' criminal history given the many mail fraud schemes in which he engaged and the losses he caused. The court's comments, however, focused on the seriousness of Jones' current offense. The court also based the departure on Jones' recidi-

_____

*U.S. Sentencing Guidelines Manual (1995).

2

vism, noting that Jones continued his fraudulent criminal conduct after the federal conviction and during the period of pretrial or presentence supervision.

Jones argues that the departure was based on conclusory findings and factors already taken into account in determining his offense level, i.e., more than minimal planning and a scheme to defraud more than one victim. A decision to depart pursuant to USSG § 4A1.3 is reviewed for abuse of discretion. See Koon v. United States, ___ U.S. ___, 64 U.S.L.W. 4512 (U.S. June 13, 1996) (No. 94-1664/8842). A departure is encouraged if the defendant's criminal history category does not adequately reflect his past criminal conduct or propensity to commit future crimes. The seriousness of the current offense would be an invalid ground for a departure pursuant to USSG § 4A1.3. However, Jones' recidivism and the resulting likelihood that he would commit further crimes is a valid ground for departure under USSG § 4A1.3. A departure based on both valid and invalid factors may be affirmed if the appeals court concludes that the same sentence would have been imposed by the district court based on the valid factor alone, and the valid factor supports the extent of the departure. See Williams v. United States, 503 U.S. 193, 203-04 (1992); United States v. Glick, 946 F.2d 335, 339-40 (4th Cir. 1991).

Here, the court stressed the fact that, even after Jones was convicted in federal court and served a prison sentence for defrauding insurance companies, he resumed the same conduct immediately after he was released and even continued with it during the period of supervision following his pretrial diversion agreement. Consequently, we conclude that, had the court considered only the likelihood that Jones would commit further crimes, it would have imposed the same sentence. We find that the extent of the departure was reasonable.

In United States v. Rusher, we held that, in departing pursuant to USSG § 4A1.3, the district court must consider each successively higher criminal history category and find that it does not "adequately reflect the seriousness of the defendant's record" before moving to a higher one. See 966 F.2d at 884. At the first sentencing, the district court made a finding that category V was inadequate and that only category VI would be adequate. While the court did not make a new

3

finding at the resentencing hearing, we find that the court sufficiently complied with <u>Rusher</u>.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4