**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                          No. 99-4842

JAMES EARL WHITNEY, JR.,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-99-63)

Argued: May 1, 2000

Decided: June 5, 2000

Before WILKINSON, Chief Judge, and WILKINS
and LUTTIG, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Alessandra DeBlasio, Assistant United States Attorney,
Alexandria, Virginia, for Appellant. Robert Charles Neeley, Jr., ROB-
INSON & ANDERSON, Norfolk, Virginia, for Appellee. **ON
BRIEF:** Helen F. Fahey, United States Attorney, Alexandria, Vir-
ginia; Laura P. Tayman, Assistant United States Attorney, Norfolk,
Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Government appeals James Earl Whitney, Jr.'s sentence for possession with the intent to distribute 50 grams or more of cocaine base, see 21 U.S.C.A. § 841(a)(1) (West 1999), arguing that the district court erred in reducing Whitney's offense level four levels for being a minimal participant, see U.S. Sentencing Guidelines Manual § 3B1.2(a) (1998), and in departing downward six levels for aberrant behavior. We vacate Whitney's sentence and remand for resentencing.

I.

Whitney was stopped in Capeville, Virginia by a Virginia State trooper for several traffic violations. With Whitney were two passengers, one of whom owned the automobile Whitney was driving. All three men consented to a search of the vehicle. The resulting search produced two plastic bags containing a total of 113.1 grams of cocaine base, 184 plastic bags containing a total of 22.6 grams of cocaine base, and one plastic bag containing 60.5 grams of cocaine. Whitney admitted ownership of the drugs and was arrested. Whitney informed Virginia troopers that he was transporting the drugs--which had a street value of $23,000--to North Carolina for an unidentified associate for $600.

Whitney pled guilty to possessing with the intent to distribute 50 or more grams of cocaine base. Based on the amount of drugs found in the search, the presentence report (PSR) set Whitney's base offense level at 32. See id. § 2D1.1(c)(4). The PSR recommended a three-level reduction for acceptance of responsibility, see id. § 3E1.1, and a two-level reduction pursuant to the "safety valve" provision of the sentencing guidelines, see id. § 2D1.1(b)(6), bringing the adjusted offense level to 27. The PSR recommended no enhancement or reduc-

2

tion of Whitney's offense level based on his role in the offense. Whitney's Criminal History Category of I, combined with the recommended offense level of 27, produced a guideline range of 70 to 87 months incarceration.

Whitney requested a downward departure at the sentencing hearing on the basis that his criminal conduct constituted aberrant behavior. In support of his request, Whitney offered testimony concerning his good character. Over the Government's objection, the district court stated that it was granting a downward departure based on aberrant behavior. Inexplicably, Whitney was sentenced to a split sentence of 35 months imprisonment and 35 months home confinement. The Government subsequently moved for correction of sentence, see Fed. R. Crim. P. 35(c), asserting that the guidelines do not permit a 70-month sentence of imprisonment to be satisfied in part by a term of home detention, see U.S.S.G. § 5C1.1(f). The district court subsequently vacated the sentence.

At resentencing, the court sua sponte granted Whitney a four-level reduction for being a minimal participant in the criminal activity, see id. § 3B1.2(a), thereby adjusting Whitney's offense level from 27 to 23. The court also departed downward six levels, finding that Whitney's crime constituted a single act of aberrant behavior. Determining that the guideline range was 24-30 months imprisonment for offense level 17 with a Criminal History Category of I, the district court sentenced Whitney to 26 months imprisonment. The Government objected to both the offense level reduction and the downward departure.

II.

The Government first argues that the district court erred in granting Whitney a four-level reduction for being a minimal participant. We agree.

A defendant who was only a minimal participant in his criminal activity is entitled to a four-level reduction. See id. However, a defendant's status as a drug courier does not in itself entitle the defendant to a minimal participant reduction. See United States v. White, 875 F.2d 427, 434 (4th Cir. 1989). Rather, whether a drug courier is enti-

3

tled to the reduction depends upon the extent of his involvement in the drug activity, i.e., the degree of his culpability. See id. In determining whether a defendant is entitled to a minimal participant reduction, a court must consider the defendant's conduct relative to the conduct of others involved in the same criminal activity as well as his conduct relative to the elements of conviction. See United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999). In considering the defendant's conduct relative to the elements of conviction, a court must decide "whether the defendant's conduct is material or essential to committing the offense." Id. (internal quotation marks omitted).

The defendant bears the burden of demonstrating by a preponderance of the evidence his entitlement to an offense level reduction. See United States v. Gordon, 895 F.2d 932, 935 (4th Cir. 1990). We review a determination by a district court of the defendant's role in an offense for clear error. See United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998).

Here, the evidence in the record does not support a reasonable inference that Whitney was only a minimal participant in the criminal activity. Although the evidence demonstrates that Whitney was transporting drugs, Whitney produced no further evidence concerning the extent of his involvement in the criminal activity or the extent of the other unidentified participants involved with him. Accordingly, the district court clearly erred in finding that Whitney was a minimal participant.

III.

The Government next contends that the district court erred in granting Whitney a downward departure for aberrant behavior. We agree.

We discussed the circumstances that justify a downward departure for aberrant behavior in United States v. Glick , 946 F.2d 335 (4th Cir. 1991):

> Following congressional direction, the Sentencing Commission designed the guidelines to produce an appropriate sentence for a first offender. Aberrant behavior, therefore,

means something more than merely a first offense. A single act of aberrant behavior suggests a spontaneous and seemingly thoughtless act rather than one which was the result of substantial planning because an act which occurs suddenly and is not the result of a continued reflective process is one for which the defendant may be arguably less accountable.

Glick, 946 F.2d at 338 (citation & internal quotation marks omitted). A defendant seeking a downward departure bears the burden of establishing the mitigating factor by a preponderance of the evidence. See United States v. Sheffer, 896 F.2d 842, 846 (4th Cir. 1990). In reviewing a decision by the district court to depart, this court applies a "unitary abuse-of-discretion standard." Koon v. United States, 518 U.S. 81, 100 (1996) (internal quotation marks omitted). Legal errors and clearly erroneous factual findings constitute abuses of discretion. See United States v. DeBeir, 186 F.3d 561, 566-67 (4th Cir. 1999).

Here, no evidence in the record gives rise to a reasonable inference that Whitney's decision to commit the crime of which he was convicted was spontaneous or rash rather than the result of a continued reflective process. Whitney's status as a first-time drug offender does not bear on the questions of how much thought went into his decision to commit the crime and how much planning by Whitney was involved. Accordingly, the district court abused its discretion in determining that Whitney met his burden of establishing that his criminal behavior was aberrant so as to justify the downward departure.

IV.

In sum, the district court erred in granting Whitney a four-level reduction for minimal participation and in departing downward six levels on the basis that Whitney's criminal conduct constituted aberrant behavior. We therefore vacate Whitney's sentence and remand for resentencing consistent with this opinion.

VACATED AND REMANDED

5