UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                                        No. 00-6378

ROBERT LEE YOUNG, JR.,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-97-278, CA-99-3358-2-18)

Submitted: September 29, 2000

Decided: November 21, 2000

Before MICHAEL, MOTZ, and KING, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Lee Young, Jr., Appellant Pro Se. Bruce Howe Hendricks,
OFFICE OF THE UNITED STATES ATTORNEY, Charleston,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert L. Young appeals from the denial of his 28 U.S.C.A. § 2255 (West Supp. 2000) motion. On appeal, he raises thirteen claims, three of which were presented to the district court but never addressed. First, Young challenges the district court's implicit denial of his motion to recuse. Second, Young asserts that hearsay was improperly admitted at his suppression hearing. Third, Young contends that officers improperly executed a search warrant at his home by seizing firearms, when the warrant only specified drugs and drug paraphernalia.

In the district court, Young asked that both Magistrate Judge Carr and Judge Norton recuse themselves. The basis for Young's request was that, in Judge Carr's recommendation regarding the suppression motion, he had allegedly improperly stated the facts concerning the actions of police officers before forcibly entering Young's home. Young also alleged that Judge Norton erroneously adopted Judge Carr's recommendation.

A judge should disqualify himself in any proceeding in which his impartiality might reasonably be questioned. *See* 28 U.S.C. § 455 (1994). Disqualification is required under § 455 if a reasonable factual basis exists for doubting the judge's impartiality. *See United States v. Glick*, 946 F.2d 335, 336-37 (4th Cir. 1991). A judge is not disqualified because of familiarity with the facts of a case stemming from his judicial conduct in presiding over an earlier proceeding. The nature of the bias must be personal rather than judicial. *See In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987).

The ground stated by Young did not warrant recusal by either judge. As required by *Beard*, the allegation of judicial bias must derive from an extra-judicial source. Young's dissatisfaction with the results of his previous case cannot warrant disqualification. Young presented no evidence that the judges' actions were intentional or personal or even that the disputed facts were material to the court's decision. Accordingly, the district court's implicit denial of Young's recusal motion was not error.

Young next claims that the magistrate judge erred by admitting an affidavit from the officer who applied for the search warrant into evidence at the suppression hearing. Young asserts that this violated his right to cross-examination. However, the right of confrontation does not apply to the same extent at pretrial suppression hearings as it does at trial. In an analogous context, the Supreme Court has declared that a defendant is not deprived of his Sixth Amendment right to confrontation at a pretrial hearing where the arresting officers testified as to what eye-witness informants told them about the defendant's activities. *See McCray v. Illinois*, 386 U.S. 300, 312-13 (1967). Because there is no basis on which to distinguish *McCray*, which involved the hearsay statements of an informant, from the instant case, involving the hearsay statements of an arresting officer, we hold that Young was not denied his right to confrontation.

Young next challenges the execution of the search warrant, alleging that, although the warrant only particularized drugs and drug paraphernalia, the officers seized guns and ammunition. A loaded gun was found in plain view on the bed in the room where Young was hiding in the closet. Other guns and ammunition were found in Young's home, although it is not clear where exactly the items were found.

In order to justify a warrantless seizure under the plain view doctrine, three conditions must be met. First, the seizing officer must be lawfully present on the premises. Second, the officer must have a lawful right of access to the object itself. Third, the object's incriminating character must be immediately apparent. *See United States v. Wells*, 98 F.3d 808, 809-10 (4th Cir. 1996). We find that all three prongs have been met in this case. First, the officers were lawfully on the premises pursuant to a search warrant. Second, they were lawfully searching for drugs, and there is no allegation that the officers searched in places that could not have contained drugs. Third, firearms kept in close proximity to drugs are inherently incriminating. Accordingly, the search warrant was properly executed.

We have carefully reviewed Young's remaining claims on appeal, as well as the record and the district court's opinion, and we find no reversible error. Accordingly, we deny a certificate of appealability and dismiss Young's appeal of the remaining claims on the reasoning of the district court. *See United States v. Young*, Nos. CR-97-278;

CA-99-3358-2-18 (D.S.C. Feb. 24, 2000). We deny Young's motion for oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*