**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4125**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY L. FRIERSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (CR-03-631)

———————

Submitted:  October 1, 2004      Decided:  October 20, 2004

———————

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Jan S. Strifling, Columbia, South Carolina, for Appellant.  Leesa Washington, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jerry L. Frierson seeks to appeal his conviction and 120-month sentence imposed following his guilty plea to possession of a stolen firearm. See 18 U.S.C. §§ 922(j), 924(a)(2) (2000).

Frierson's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but raising as a potential issue the district court's decision to grant the Government's motion for upward departure. Although advised of his right to file a pro se supplemental brief, Frierson declined to do so.

A sentencing court may depart from the guideline range only if the court finds an aggravating or mitigating factor of a kind, or to a degree, not adequately considered by the Sentencing Commission. 18 U.S.C. § 3553(b) (2000) (setting forth general principles for departure); Koon v. United States, 518 U.S. 81, 98 (1996). Because Frierson failed to object to the departure in the court below, this Court reviews the district court's decision to depart for plain error. See United States v. Promise, 255 F.3d 150, 153 (4th Cir. 2001).

We have reviewed the record and conclude that the district court's decision to depart upwardly was not plainly erroneous. The district court based its decision in part upon Frierson's stipulation to the departure in the plea agreement. Additionally, the court found that Frierson's criminal history

category did not adequately reflect his prior criminal conduct, and that the actual seriousness of the offense was not reflected in the guidelines range, both of which are proper bases for departure. See U.S. Sentencing Guidelines Manual, §§ 4A1.3, 5K2.21. We note that it is arguable whether Frierson's status as a felon entered "into the determination of the applicable guideline range." USSG § 5K2.21. However, in this case the upward departure may be affirmed because there was another valid factor to support the extent of the departure. See Williams v. United States, 503 U.S. 193, 203-04 (1992); United States v. Glick, 946 F.2d 335, 339-40 (4th Cir. 1991).

In accordance with the requirements of Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Frierson's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED