**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4264

RIOLL TANELLUS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-98-90-F)

Submitted: October 8, 1999

Decided: November 8, 1999

Before WILKINS, MICHAEL, and KING, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Wayne Buchanan Eads, Raleigh, North Carolina, for Appellant.
Janice McKenzie Cole, United States Attorney, Anne M. Hayes,
Assistant United States Attorney, Kenneth F. Whitted, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Rioll Tanellus appeals the denial of his suppression motion and the sentence arising from his conviction for violations of 18 U.S.C. § 1952(a) (1994), interstate travel in aid of racketeering, and 21 U.S.C. § 841(a)(1) (1994), possession with intent to distribute cocaine. We dismiss the appeal.

Tanellus was driving in North Carolina when he was stopped by police for a vehicle equipment violation. After he was given an oral warning, he consented to a search of his van. On opening the door of the van, the officers noticed the odor of laundry-dryer sheets ("Bounce"), which they testified was often used to mask the odor of illegal drugs. After searching the interior of the vehicle, one of the officers used a screwdriver to remove the cover of one of the rear tail lights in order to observe the area between the interior and exterior walls of the van's truck bed. Looking into the space, he observed "some type of packaging." (J.A. 59). Tanellus, who had been pacing nervously nearby, was then handcuffed and made to kneel in front of the patrol car. As one of the officers retrieved a crowbar from the patrol car to remove the van's rear fender, Tanellus told the officers how to remove the rear panel of the van to reach a secret compartment. After the cocaine was discovered, Tanellus was given his Miranda[1] warnings.

Tanellus was indicted on one count each of cocaine possession with intent to distribute and interstate travel in aid of racketeering. After an evidentiary hearing, his motion to suppress the cocaine was denied, and he then entered a guilty plea. At sentencing, he moved for a downward departure on the ground that, as an alien subject to deportation, he would not be entitled to participate in certain programs in prison. This motion was denied, and he was sentenced to eighty-seven months' imprisonment. He appeals the suppression ruling and the sentence.

Tanellus pleaded guilty to the indictment without first entering into a plea agreement and without conditioning his plea on the right to

_____

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

2

appeal any pretrial rulings. The Government contends that this unconditional plea waives Tanellus's right to raise the suppression issue on appeal. We agree.

As to conditional pleas, Rule 11(a) of the Federal Rules of Criminal Procedure provides:

> With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

Tanellus did not enter such a conditional plea."[A] guilty plea constitutes a waiver of all nonjurisdictional defects" in a conviction. United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (citation omitted). Tanellus does not respond to the Government's assertion that his guilty plea was unconditional, and we find no indication that it was otherwise. See, e.g., United States v. Markling , 7 F.3d 1309, 1312-14 (7th Cir. 1993) (finding that, although no written plea agreement was included in the record, a letter from the government memorializing the conditional nature of the plea was sufficient to preserve defendant's right to appeal suppression ruling); United States v. Yasak, 884 F.2d 996, 999-1000 (7th Cir. 1989) (finding conditional plea in the transcript of guilty plea hearing). In the absence of any evidence that Tanellus has reserved his right to appeal the legality of the search of his van, he has waived his right to assert that issue on appeal. See United States v. Broce, 488 U.S. 563, 569 (1989). We therefore dismiss the appeal as to the district court's denial of Tanellus' motion to suppress.

At sentencing, Tanellus moved for a downward departure on the ground that the Sentencing Guidelines did not adequately consider certain circumstances applicable to him. See U.S. Sentencing Guidelines Manual § 5K2.0 (1998).[2]  As a deportable alien, he is ineligible

_____

[2] Tanellus also moved for a departure on the ground that his offense was the result of "aberrant behavior." See  U.S.S.G., Ch. 1. Pt. A, 4(d), p.s. (departure permitted for "single acts of aberrant behavior"). This argument is meritless. As used in the Guidelines,"[a] single act of aberrant behavior suggests `a spontaneous and seemingly thoughtless act

3

for certain programs operated by the Bureau of Prisons or for assignment to home confinement or community centers during the later portion of his sentence. See generally United States v. Restrepo, 999 F.2d 640, 644-46 (2d Cir. 1993) (describing Bureau of Prisons regulations regarding confinement of aliens). Tanellus also claims that his alien status makes him ineligible for alcohol rehabilitation programs, successful completion of which could result in a reduction of his term of imprisonment. As a result, his sentence, both in terms of conditions of confinement and duration, may be harsher than the same sentence imposed on an identically situated citizen. The Government counters that we are foreclosed from even considering the district court's decision not to depart. We agree.

At sentencing, Tanellus's counsel reminded the court that he had filed a motion for a departure. The court responded,"I have read it. I am going to deny that motion . . . ." (J.A. 192). Nothing more was said on the matter. We generally do not have the authority to review a refusal to depart unless the district court believed it was without authority to depart at all. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). The threshold question is whether the court believed it had the legal authority to depart, regardless of whether alienage could be a basis for departure.

A court's statements explaining a reason for the denial of a departure motion are construed in the light most favorable to the defendant. See United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992) (construing the court's refusal to depart as being based on the view that it lacked authority to do so).**3** In Tanellus's case, the court denied the

_____

rather than one which was the result of substantial planning because an act which occurs suddenly and is not the result of a continued reflective process is one for which the defendant may be arguably less accountable.'" United States v. Glick, 946 F.2d 335, 339 (quoting United States v. Carey, 895 F.2d 318, 325 (7th Cir.1990)). Tanellus's crime may have been his first such offense, but it was not a spontaneous act; he flew to Virginia on a ticket paid for by the cocaine distributor, drove to a house where the drugs were loaded into the van, and then began driving to Florida.

**3** Some courts hold the defendant responsible for clarifying the record. See United States v. Studevent, 116 F.3d 1559, 1564 n.5 (D.C. Cir. 1997) ("It is the defendant's duty to elicit the reasons for refusing to grant a downward departure . . . .").

4

motion without explaining its reasons. There are, then, no statements to construe, and "[t]he court's silence regarding authority to depart is not sufficient to indicate that the court believed it lacked power to depart." United States v. Garcia-Garcia , 927 F.2d 489, 491 (9th Cir. 1991). Moreover, in light of recent court decisions, the possibility that a court would misconstrue its authority to consider a departure is minimal.

In Koon v. United States, 518 U.S. 81 (1996), the Court provided a detailed framework for the consideration of factors raised as grounds for departures. For factors not specifically mentioned in the Guidelines, Koon teaches that the factor must at least be considered. Id. at 94-96. The factor raised by Tanellus is clearly not mentioned in the Guidelines and, in Koon's wake, it has been recognized that "district court[s are] . . . free to consider whether [defendant's] status as a deportable alien has resulted in unusual or exceptional hardship in his conditions of confinement." United States v. Farouil, 124 F.3d 838, 845-47 (7th Cir. 1997) (remanding to permit the district court to consider a departure motion on the ground of alienage in light of Koon); see also United States v. Charry Cubillos, 91 F.3d 1342 (9th Cir. 1996) (recognizing that defendant's alien status may be a basis for departure under Koon). We have no reason to believe that the district court in the instant case categorically denied Tanellus's motion.[4] Accordingly, we dismiss the appeal to the extent that it assigns as error refusal of the district court to depart downward.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
_____

[4] A few months after Tanellus was sentenced, we noted that "[although the Guidelines prohibit reliance on national origin[as a basis for departure], see USSG § 5H1.10, they do not mention alienage as a departure factor; it therefore serves as a potential basis for departure." United States v. DeBeir, ___ F.3d ___, 1999 WL 558408 (4th Cir. July 29, 1999) (No. 98-4907).

5